Argued and submitted November 26, 1979, affirmed
February 25, reconsideration denied May 15,
petition for review denied June 17, 1980 (289 Or 275)

## PELCHA,
### *Respondent,*
*v.*
## UNITED AMUSEMENT COMPANY,
### *Appellant.*

### (No. A7703-03776, CA 13493)

606 P2d 1168

Alonzo P. Stiner, Portland, argued the cause for appellant. With him on the brief was Lovett & Stiner, P.C., Portland.

Raymond J. Conboy, Portland, argued the cause for respondent. With him on the brief were Jan Thomas Baisch and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

## TANZER, P. J.

Defendant appeals from a judgment entered in favor of the plaintiff for personal injuries sustained on an amusement ride owned and operated by defendant. Defendant contends that the trial court erred in allowing expert medical testimony concerning the possibility that plaintiff may require corrective surgery at some later date. Defendant further contends that the trial court erred by instructing the jury to consider this possibility when assessing an award for permanent injury. We affirm the judgment.

Plaintiff suffered injuries to her jawbone that were treated by the doctor who later testified as an expert witness in the trial. Plaintiff's recovery progressed normally until nearly one year after the accident. At that time plaintiff complained that her jaw became dislocated. Her physician diagnosed a chronic condition of the joint caused by the damage to her ligaments suffered from the injury. The possibility that plaintiff's condition would deteriorate to the point that corrective surgery would be required was estimated at 30 to 45 percent.

Defendant argues that the issue of future surgery should not have been heard unless expert testimony estimated that the probability was greater than 50 percent. Defendant bases this contention on the general rule at common law against recovery for future consequences that are not reasonably certain. *Barron v. Duke, et al,* 120 Or 181, 250 P 628 (1926).

The general rule against possible but not probable future damages was modified in the case of *Feist v. Sears, Roebuck & Co.,* 267 Or 402, 517 P2d 675 (1973). There a child suffered severe head injuries that increased her susceptibility to meningitis. The Supreme Court held that testimony concerning the increased susceptibility was admissible and that the possibility of that future illness was compensable.

"We believe, as a matter of common sense, that a jury can properly make a larger award of damages in

[677]

a case involving a skull fracture of such a nature as to result in a susceptibility to meningitis than in a case involving a skull fracture of such a nature as not to result in such a danger, risk or susceptibility." 267 Or at 412.

Because the Supreme Court relied upon "common sense" rather than a more specific legal theory, we cannot discern the limits of its application (*e.g.*, must there be a reasonable possibility, a substantial possibility, any possibility? What of the physician who testifies, as they seem often to do, that "anything is possible"?). In this case, however, the possibility of future surgery with all its resultant cost, pain and distress, is more than merely conceivable. The degree of likelihood was the subject of evidence and was properly a subject for the jury to consider.

It is true as defendant argues that the analogy with *Feist* is not complete because the possible surgery differs from a susceptibility, but the difference augurs for compensation, not against it, because treatment is even more directly related to the injury than is susceptibility to a new condition. Needed treatment is compensable; the jury was entitled to consider the nature and extent of future treatment, as best it could be predicted, in order to assess damages.

Affirmed.